Case No. 26-1648

# In the United States Court of Appeals For the Ninth Circuit

**IAN SMITH,** *et al.*

*Plaintiff-Appellees,*

*v.*

**CITY OF OAKLAND**, and
**ROB BONTA, California Attorney General,**

*Defendants,*

*v.*

**CALIFORNIA APARTMENT ASSOCIATION,**

*Movant-Appellant.*

---

# REPLY IN SUPPORT OF APPELLANT'S MOTION TO EXPEDITE APPEAL

---

On Appeal from the United States District Court
for the Northern District of California
The Honorable Jon S. Tigar, Presiding
District Court Case No. 4:19-cv-05398-JST

NIELSEN MERKSAMER LLP
Christopher E. Skinnell (SBN 227093)
2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
Tel: (415) 389-6800
Fax: (415) 388-6874
Em: cskinnell@nmgovlaw.com
*Attorneys for Movant-Appellant*

2

## TABLE OF CONTENTS

**Page**

INTRODUCTION......................................................................5

ARGUMENT ........................................................................ 6

CONCLUSION ................................................................... 13

CERTIFICATE OF COMPLIANCE...................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrientos v. 1801-1825 Morton LLC*,
583 F.3d 1197 (9th Cir. 2009) ............................................................. 10

*CP VI Admirals Cove, LLC v. City of Alameda*,
113 Cal. App. 5th 1167 (2025) ............................................................. 9

*Fordyce v. City of Seattle*,
55 F.3d 436 (9th Cir. 1995) ................................................................. 7

*Sagebrush Rebellion, Inc. v. Watt*,
713 F.2d 525 (9th Cir. 1983) ............................................................ 5, 8

*Smith v. L.A. Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016) .............................................................. 11

*United States v. Oakland*,
958 F.2d 300 (9th Cir. 1992) ............................................................ 7, 8

**Statutes**

Americans with Disabilities Act, Title II,
42 U.S.C. §§ 12132 *et seq.* ......................................................... 5, 11, 13

Costa Hawkins Rental Housing Act, Cal. Civ. Code §
1954.50 *et seq.* .......................................................................... *passim*

§ 1954.52(a)(1) .............................................................................. 5, 9

§ 1954.52(a)(2) .............................................................................. 5, 9

**Other Authorities**

Assem. Floor Analysis, Concurrence in Sen. Amend. to
Assem. Bill No. 1164 (1995–1996 Reg. Sess.) July 24,
1995 ................................................................................................ 10

Fed. R. Civ. Proc. 31(a)(1) ................................................................. 13

Ninth Cir. R. 31-2.1(a) ..................................................................... 13

## **INTRODUCTION**

Notwithstanding Appellees' opposition, there is good cause for expedited treatment of this appeal, because in the absence of such treatment the district court will proceed to a final hearing on the critical question of whether the Americans with Disabilities Act (ADA) preempts the "new construction" exemptions from local rent control contained in Costa-Hawkins, Cal. Civ. Code §§ 1954.52(a)(1) and (a)(2), without any party willing to vigorously defend that landmark state law. By its own admission the City of Oakland is unwilling to do so, and the California Attorney General has demonstrably not done so. Allowing the case to go forward in such circumstances threatens significant harm to CAA, its members, and the public interest,[1] and there is no merit to Appellees' arguments to the contrary. *See, e.g., Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir. 1983)* (deciding appeal of denial of intervention on an expedited basis where the defendant government official had previously been head of the organization representing the

---

[1] Again, California's voters have reaffirmed the importance of Costa-Hawkins at the ballot box at three recent elections, in 2018, 2020, and 2024, by a 60-40 margin in each case. (*See* ECF No. 163-1 at 4 ¶ 10.) Allowing the law to be undermined without an adequate defense undermines the public interest.

plaintiffs, calling into question his willingness to actually defend the challenged law).

## ARGUMENT

***First,*** Appellees argue that there is no irreparable harm because this appeal will not become moot if it proceeds on normal time, since even if judgment is entered while the appeal is pending this Court would have the authority to vacate the judgment. (*See* Appellees' Oppo. at 8.) Appellees also argue, relatedly, that "a judgment below is unlikely to enter before CAA's appeal is heard and decided, even on the normal briefing schedule already set, which requires Appellees to file their answering brief on May 28, 2026." *Id.*

As to this latter point, there no reason to accept Appellees' speculation that, absent expedition, this appeal would likely be decided before a judgment is entered below. May 28, 2026—the date Appellees' answering brief is due—is the very date on which the district court proposes to conduct the final hearing on the question of whether Costa-Hawkins should be preempted. In the normal course, one would typically expect at least an additional couple of months for this appeal to be decided—three weeks for Appellant to file a reply brief, possible oral

6

argument, and then preparation of a decision by the Court. It could be many more months.

Regardless, CAA will be deprived of the right to participate in the May 28 hearing to present its views, and the possibility of supplemental briefing and argument, which Appellees propose as an alternative (*see* Appellees' Oppo. at 9) would be a waste of judicial resources. As this Court has previously noted, "it is far more efficient to consider an appeal from a denial of intervention, *perhaps on an expedited basis*, than to encourage unsuccessful applicants to wait until after the case is decided in order to attempt an appeal." *United States v. Oakland*, 958 F.2d 300, 302 (9th Cir. 1992) (emphasis added).[2]

Moreover, if this appeal is not expedited, and judgment were entered before CAA's appeal was resolved, the ability to vacate the judgment would not wholly avoid the prospect of irreparable harm to CAA's members in the interim. Until the district court's order denying

---

[2] In a footnote, Appellees argue that CAA should just request permission to file an amicus brief. (*See* Appellees' Oppo. at 6 n.2.) However, this Court has "conclude[d] that the opportunity to file an *amicus* brief in no way substitute[s] for a formal opportunity to participate fully as an intervening party in the litigation." *Fordyce v. City of Seattle*, 55 F.3d 436, 442 (9th Cir. 1995). Furthermore, as discussed more fully below, participation as an *amicus* would not guarantee CAA the essential ability to appeal an adverse judgment or seek a stay thereof.

intervention is reversed CAA will likely lack standing to appeal the judgment, and there is little reason to expect that the City of Oakland or the Attorney General would pursue such an appeal.[3]

CAA would also likely be prevented from seeking to stay the judgment during that intervening period, so an adverse ruling imposing rent control on units that were formerly exempt would, presumably, start to be implemented right away. That would threaten widespread confusion in the rental housing market in Oakland. CAA's members, many of whom own units that are currently exempt,[4] but which might not be exempt if a judgment were entered in favor of Appellees, would be left in limbo for some indeterminate period of time while CAA's appeal is resolved and then it seeks vacation of the judgment below. Hundreds, if not thousands, of existing lease agreements could be upended in Oakland alone.

---

[3] "It is occasionally possible for one who was not a party to the litigation in the trial court to appeal from the final judgment, but only after being granted leave to intervene for such purpose." *United States v. Oakland, 958 F.2d at 302*. Moreover, "Appellant should be permitted fully to participate in making the record on which it may have to rely on appeal." *Sagebrush Rebellion, 713 F.2d at 528*.

[4] *See, e.g.,* ECF Nos. 163-2 (Decl. of Nicoley Collins) & 163-3 (Decl. of Sara Flynn).

*Second,* Appellees argue that there is no risk of irreparable harm because a judgment in Plaintiffs' favor "would [not] result in the wholesale preemption of the Costa-Hawkins Rental Housing Act throughout the State of California" but "would preempt only two provisions of Costa-Hawkins—[Cal. Civ. Code] sections 1954(a)(1) and (a)(2)—in the context of the rent control Program administered by a single California city," and that "[a]ll other provisions of Costa Hawkins would remain in effect in Oakland, and there would be no effect on the application of Costa Hawkins in other jurisdictions at all." (Appellees' Oppo. at 5-6; footnote omitted.)

There are several problems with this. For one thing, the fact that "only" sections 1954(a)(1) and (a)(2) would be preempted in Oakland is a model of understatement. The "new construction" exemptions established by those subsections are one of the three key pillars of Costa-Hawkins, along with (1) an exemption for single-family homes and condominiums and (2) "vacancy decontrol" for rent-controlled units. *CP VI Admirals Cove, LLC v. City of Alameda,* 113 Cal. App. 5th 1167, 1174-75 (2025).[5] And none of the other provisions serve the same purpose,

---

[5] "Vacancy decontrol" means that "when a tenant voluntarily leaves or is lawfully evicted [from an otherwise rent-controlled dwelling], the

which is to encourage the construction of new housing.[6] In other words, the preemption of these provisions would substantially undermine one of the most important laws governing the regulation of rental housing in California.

For another thing, though a ruling in Plaintiffs' favor would not automatically result in the unenforceability of sections 1954(a)(1) and (a)(2), there can be little doubt that a string of new cases would follow in other jurisdictions.

And finally, even if the harm were limited only to Oakland, CAA has members in Oakland who stand to be affected by an adverse ruling. *See* footnote 4, *supra.*

***Third,*** Appellees argue that "CAA has little, if anything, to add to the underlying litigation." (Appellees' Oppo. at 6.) Of course, the district expressly noted, "It may be true that CAA has something to contribute to this litigation." (ECF No. 182 at 13:9.) What CAA proposes to contribute is an actual defense of Costa-Hawkins against claims of preemption

---

landlord may raise the rent to market levels." *Barrientos v. 1801-1825 Morton LLC,* 583 F.3d 1197, 1205 (9th Cir. 2009).

[6] *See, e.g.,* Assem. Floor Analysis, Concurrence in Sen. Amend. to Assem. Bill No. 1164 (1995–1996 Reg. Sess.) July 24, 1995, p. 5 (exemption "necessary to encourage construction of much needed housing units, which is discouraged by strict local rent controls").

under the ADA. In CAA's absence, no other party will provide that. The City of Oakland has explicitly informed the district court that it is unable and unwilling to defend that law due to the Oakland City Council's philosophical opposition to it as a policy matter (*see* ECF No. 141 at 28), and the California Attorney General—who has a personal history of opposing Costa-Hawkins and seeking its repeal, as discussed in CAA's motion—has conceded (as Appellees acknowledge, *see* Appellees' Oppo. at 4-5) that "if the ADA requires an expansion of the RAP's cutoff date, then **the Costa-Hawkins Act is likely preempted** by the ADA." (ECF No. 178 at 7 [emphasis added].) In other words, he has made no attempt to advance arguments in favor of Costa-Hawkins' continuing enforceability, which CAA proposes to do.

*Fourth,* Appellees argue that expedition should be denied because "the urgency of this appeal is entirely of [CAA's] own making" as CAA purportedly "waited until the eleventh hour to seek intervention." (Appellees' Oppo. at 7 & 8.) In fact, however, CAA properly moved to intervene at the beginning of a "new stage" of the litigation,[7] when the

---

[7] *See, e.g., Smith v. L.A. Unified Sch. Dist.,* 830 F.3d 843, 856 (9th Cir. 2016) (district court erred in denying intervention as untimely to a sub-class of disabled children who sought to intervene in 2013 to challenge a renegotiated settlement in a lawsuit that had been ongoing since 1993,

issue of Costa-Hawkins' enforceability is about to be joined in earnest. And it did so within mere days of the time the Attorney General intervened (at the district court's invitation), when no briefing on the Costa-Hawkins matter had yet been undertaken, and no briefing schedule was even set. CAA also committed to adhering to any briefing schedule that the district court would subsequently set.

Even the district court, in ruling on CAA's motion, acknowledged that the impact of CAA's proposed intervention at this time would be "minimal," resulting in a delay of "only two weeks" under the briefing timeline jointly proposed by the parties (ECF No. 182 at 7-8), and the very fact of its invitation to the Attorney General, which the court had previously resisted (*see* ECF No. 38 at 17 n.9), highlights the fact that this was a "new stage" in the case for which intervention was appropriate.

The "urgency" stems from the fact that the district court denied CAA's motion is moving forward toward a final hearing on the merits in a period of time that would not allow for resolution of this appeal on a standard timeline.

---

where "the adoption of Renegotiated Outcome 7 in 2012 marked the commencement of a 'new stage' in the" litigation.")

12

***Lastly,*** Plaintiffs argue that "should the Court determine that expedited briefing is appropriate, it should deny CAA's request for a reply brief, which is not currently permitted by this Court's schedule, and which will only delay resolution of CAA's appeal." (Appellees' Oppo. at 9.) However, the assertion that a reply "is not currently permitted by this Court's schedule" is unclear and unsupported by any authority and should be rejected. True, the scheduling order initially entered in this case on March 19 (DE 2), before CAA's motion to expedite was filed, does not explicitly refer to a "reply" brief, but it does provide that "[a]ll briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1," and both of those Rules explicitly provide for the filing of reply briefs. *See* Fed. R. App. Proc. 31(a)(1); 9th Cir. R. 31-2.1(a).

## CONCLUSION

For the foregoing reasons, CAA respectfully requests that this Court grant this Motion to Expedite Appeal and establish an expedited briefing schedule that will allow resolution of the appeal before the district court rules on the question of whether the ADA preempts the Costa Hawkins Rental Housing Act without CAA's involvement.

///

13

Respectfully submitted,

Dated: March 27, 2026        NIELSEN MERKSAMER LLP

By: /s/ Christopher E. Skinnell

*Attorneys for Movant-Appellant*
CALIFORNIA APARTMENT ASSOCIATION

14

## CERTIFICATE OF COMPLIANCE

I certify that this reply complies with the length limits permitted by Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1(1)(d). The brief is **1,965** words, excluding the portions exempted by Fed. R. App. Proc. 27(a)(2)(B) and 32(f), as provided in Ninth Circuit Rule 27-1(1)(d). The reply's type size and typeface comply with Fed. R. App. P. 27(d)(1) and 32(a)(5) and (6).

Respectfully submitted,

Dated: March 27, 2026      NIELSEN MERKSAMER LLP

By: /s/ Christopher E. Skinnell

*Attorneys for Movant-Appellant*
CALIFORNIA APARTMENT ASSOCIATION

## PROOF OF SERVICE

I am employed in the County of Marin, State of California.  I am over the age of 18 and not a party to the foregoing cause of action.  My business address is, 2350 Kerner Boulevard, Suite 250, San Rafael, California 94901.

On March 27, 2026, I caused the following documents:

- **Reply in Support of Appellant's Motion to Expedite Appeal**

- **Form 7. Mediation Questionnaire**

- **Form 34. Disclosure Statement under FRAP 26.1 and Circuit Rule 26.1-1**

to be served on the following individuals:

| | |
|---|---|
| Thomas Zito<br>tzito@dralegal.org<br>Sean Betouliere<br>sbetouliere@dralegal.org<br>DISABILITY RIGHTS ADVOCATES<br>2001 Center St., Third Floor<br>Berkeley, CA 94704-1204<br>Tel: (510) 665-8644<br>*Attorneys for Plaintiffs* | Michael Rawson<br>mrawson@pilpca.org<br>Craig Castellanet<br>ccastellanet@pilpca.org<br>PUBLIC INTEREST LAW PROJECT<br>449 15th Street, Suite 301<br>Oakland, CA 94612-06001<br>Tel: (510) 891-9794<br>*Attorneys for Plaintiffs* |

///

///

///

| | |
|---|---|
| Emily Roznowski<br>eroznowski@dralegal.org<br>Raika Kim<br>rkim@dralegal.org<br>DISABILITY RIGHTS<br>ADVOCATES<br>300 South Wacker Dr., Fl. 32<br>Chicago, IL 60606-6680<br>Tel: (332) 217-2319<br>*Attorneys for Plaintiffs* | KEVIN P. MCLAUGHLIN<br>Supervising Deputy City Attorney<br>kmclaughlin@oaklandcityattorney.org<br>One Frank H. Ogawa Plaza, 6th Floor<br>Oakland, CA 94612<br>Tel: (510) 238-2961<br>*Attorneys for Defendant City of Oakland* |

X    **BY AMCS TRANSMISSION**: By transmitting true and correct copies through the Court's electronic e-filing (AMCS) system.

I also caused those documents to be served on the following parties:

| | |
|---|---|
| MICHAEL J. QUIRK<br>Deputy City Attorney<br>mquirk@oaklandcityattorney.org<br>One Frank H. Ogawa Plaza, 6th Fl.<br>Oakland, CA 94612<br>Tel: (510) 238-2961<br>*Attorneys for Defendant City of Oakland* | ROB BONTA<br>Attorney General of California<br>ANNA FERRARI<br>Supervising Deputy Attorney General<br>Anna.Ferrari@doj.ca.gov<br>JAMES R. BOWEN<br>Deputy Attorney General<br>James.Bowen@doj.ca.gov<br>300 South Spring St., Ste. 1702<br>Los Angeles, CA 90013-1230<br>Telephone: (213) 269-6079<br>*Attorneys for Attorney General, State of California* |

X    **BY ELECTRONIC SERVICE**: By transmitting true and correct copies by e-mail to the above parties at the above email addresses; and

Executed in Berkeley, California, on March 27, 2026. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Christopher E. Skinnell

## PROOF OF SERVICE

I am employed in the County of Marin, State of California. I am over the age of 18 and not a party to the foregoing cause of action. My business address is, 2350 Kerner Boulevard, Suite 250, San Rafael, California 94901.

On March 27, 2026, I caused the following documents:

- **Reply in Support of Appellant's Motion to Expedite Appeal**

- **Form 7. Mediation Questionnaire**

- **Form 34. Disclosure Statement under FRAP 26.1 and Circuit Rule 26.1-1**

to be served on the following individuals:

| MICHAEL J. QUIRK<br>Deputy City Attorney<br>mquirk@oaklandcityattorney.org<br>One Frank H. Ogawa Plaza, 6th Fl.<br>Oakland, CA 94612<br>Tel: (510) 238-2961<br>*Attorneys for Defendant City of Oakland* | ROB BONTA<br>Attorney General of California<br>ANNA FERRARI<br>Supervising Deputy Attorney General<br>Anna.Ferrari@doj.ca.gov<br>JAMES R. BOWEN<br>Deputy Attorney General<br>James.Bowen@doj.ca.gov<br>300 South Spring St., Ste. 1702<br>Los Angeles, CA 90013-1230<br>Telephone: (213) 269-6079<br>*Attorneys for Attorney General, State of California* |
|---|---|

X    **BY FEDERAL EXPRESS:** By following ordinary business practices and placing for pickup by FEDERAL EXPRESS at 2350

Kerner Blvd., Suite 250, San Rafael, California 94901 on March 27, 2026, copies of the above documents in an envelope or package designated by FEDERAL EXPRESS with delivery fees paid or provided for.

Executed in San Rafael, California, on March 27, 2026. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Taylor E. Foster