NIELSEN MERKSAMER

POLITICAL & GOVERNMENT
Law | Advocacy | Litigation

November 4, 2026

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

VIA ELECTRONIC FILING (ECF)

**Re:** ***Smith v. City of Oakland*, No. 26-1648**
**Movant-Appellant's Supplemental Authorities**
**(Fed. R. App. Proc. 28(j)); Ninth Cir. R. 28-6**

Dear Ms. Dwyer,

This firm represents the California Apartment Association, appellant in this appeal. Pursuant to Rule 28(j), I write to apprise the Court of new, pertinent developments that have taken place since Appellant's reply brief was filed on July 20, 2026.

On September 23, while this appeal was pending, the district court in the underlying action issued an order denying Plaintiff-Appellees' supplemental motion for summary judgment and granting Defendant City of Oakland's supplemental cross-motion. (ECF No. 222, *Smith v. City of Oakland*, No. 19-cv-05398-JST, 2026 LX 568043

(N.D. Cal. Sep. 23, 2026).) In so doing, the court, *sua sponte*, gave the Plaintiffs leave to file an amended complaint within 28 days. *Id.* at *22.

On October 7, Defendant filed a motion seeking reconsideration of the court's grant of permission to file an amended complaint (ECF No. 224), in connection with which the deputy city attorney advised the court that "Plaintiffs [had] confirmed that they intend to amend the complaint." (ECF No. 224-1, p. 2, line 8.)

The district court subsequently asked Plaintiffs for a response to the City's motion by October 29, postponing the deadline for Plaintiffs to file any amended complaint until the motion for reconsideration is resolved. (ECF No. 225.) On October 29, Plaintiffs filed the requested opposition and simultaneously filed their own request for reconsideration of the order granting summary judgment. (ECF Nos. 226, 227.) Plaintiffs' motion requests that the district court, if it will not enter summary judgment in Plaintiffs' favor, "deny both motions for summary judgment, order limited further discovery on that issue [proposed alternative accommodations], and renew its invitation for Plaintiffs to amend their complaint…."

Both Defendant's and Plaintiffs' motions remain pending before the court.

The reason these developments are pertinent to this appeal, is because they suggest that, regardless of how the district court rules on the motions, this case will almost certainly continue, either in the district court (if Plaintiffs motion is granted and/or Defendant's is denied) or in this Court (if Defendant's motion is granted), and that the case is entering yet another "new stage" in which Appellant seeks to participate.

Sincerely,

Christopher E. Skinnell
Counsel for Movant-Appellant
California Apartment Association

cc: All counsel of record (via ACMS)